

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED

FEB 24 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

TYRIOUS GATES,

    Debtor.

Case No. 09-47560-B-11

Chapter 11.

### ORDER CONFIRMING CHAPTER 11 PLAN
### AND SETTING ADMINISTRATIVE CLAIM BAR DATE

On December 16, 2009, the debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

A continued hearing on confirmation of the Debtor's First Amended Chapter 11 Plan filed September 17, 2010 (Dkt. 195)(the "Plan") took place on February 22, 2011 at 1:32 p.m. Appearances were noted on the record. No objections to confirmation having been filed, the Plan having been transmitted to creditors and equity security holders in accordance with the requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("F.R.Bankr.P."), the Local Bankruptcy Rules for the Eastern District of California and the court's order entered November 18, 2010 (Dkt. 233), and the court having determined after hearing on said notice that the requirements for confirmation set forth in 11 U.S.C. § 1129 have been satisfied, it is hereby

ORDERED, that the Plan is confirmed. A copy of the Plan is attached.

ORDERED, that all requests for approval and/or payment of administrative expenses through February 22, 2010 shall be filed no later than April 19, 2010 and shall be set for hearing on the earliest available calendar date thereafter that affords proper notice.

ORDERED, that pursuant to F.R.Bankr.P. 2002(f)(7), the Clerk shall give notice by mail of the entry of this order.

Dated: FEB 2 2 2011

Thomas C. Holman
United States Bankruptcy Judge

FILED
September 17, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002936728

1  Lewis Phon, Esq. (Bar # 74907)
   LAW OFFICES OF LEWIS PHON
2  4040 Heaton Court
   (415) 574-5029 tel
3  (925) 706-7600 fax

4

   Attorney for Debtor
5  Tyrious Gates

6

7

8

9

10

11              UNITED STATES BANKRUPTCY COURT

12              EASTERN DISTRICT OF CALIFORNIA

13

14  In re                        Chapter    11

15                               Case No.  2009-47560-TH

16                               DCN: LP-7
    Tyrious Gates,
17                               **DEBTOR'S FIRST AMENDED CHAPTER
                                 11 PLAN**
18
                                 DATE: November 16, 2010
19  Debtor.                      TIME: 1:30 P.M.
                                 JUDGE: HON. Thomas Holman
20  _____/     ROOM: 32

21

22
       **DEBTOR, TYRIOUS GATE'S, FIRST AMENDED PLAN OF REORGANIZATION
23                    DATED SEPTEMBER 17, 2010**

24     Tyrious Gates (hereinafter, "Debtor") proposes the following
    First Amended Plan of Reorganization (the "Plan") filed on
25  September 17, 2010:

26  **A.   DEFINITIONS**

27     "Allowed" claim or interest, whether secured or unsecured,
    means (a) a claim or interest against Debtor as to which (i) the
28  holder has filed a timely proof of claim or interest, or has such
    claim or interest listed in Debtor's schedules of assets and

liabilities in the same amount and such claim or interest is not listed therein as disputed or contingent, <u>and</u> (ii) as of the Effective Date, no party in interest (including the Debtor) has filed a timely objection, <u>or</u> (b) the claim or interest has been allowed by final order of the Bankruptcy Court. Notwithstanding the foregoing, Debtor may treat any claim listed on its schedules of assets and liabilities and any proof of claim or interest filed on behalf of the holder thereof by Debtor as if such claim were an allowed claim for any or all purposes under this Plan.

"Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. § 101 <u>et seq</u>.

"Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of California, Sacramento Division.

"Disputed Claim" means any claim that is not an allowed claim or any claim where there is a challenge as to its validity or amount.

"Secured claim." A secured claim is such a claim as is determined by the court to be properly secured by the collateral or item which the creditor has alleged as security for goods, money or other consideration advanced to the debtor to the extent of the value of the collateral.

"Unsecured claim." An unsecured claim is a claim not sufficiently secured by a lien, encumbrance, deed of trust, or similar documents by any goods, collateral, or tangible or intangible assets, materials, or items, including any portion of a secured claim that is under collateralized because the value of the security has fallen below the value of the claim. Also, included are those claims arising from a rejection of executory contracts as provided herein or any lien that has been avoided from the title of its collateral by order of court resulting in the claim being unsecured.

"Pro rata." Pro Rata means proportionally so that the amount of consideration distributed on account of a particular allowed claim in relation to the amount of all claims in the same class is in the same ratio as the amount of consideration distributed to all other claims in the same class in which the particular claim is included.

"Effective Date" means the date on which an Order confirming the Plan becomes a Final Order.

"Final Order" means a court order that has not been reversed, stayed, modified or amended, as to which the time to appeal or to seek certiorari, review or rehearing has expired or been effectively waived, as to which no appeal or petition for certiorari, review or rehearing is pending, and that has become conclusive on all matters adjudicated thereby and is in full force and effect.

Alternatively, where appropriate, "Final Order" means a settlement between the parties to a given matter, except that if a court

order is necessary for approval of that settlement, then that order must be a Final Order as defined above.

"Order for Relief" means the petition date.

"Petition Date" means the date on which Debtor's petition commencing this case was filed, that is, December 16, 2009.

"Post-Petition" means after the date of filing Debtor's petition.

"Pre-Petition" means prior to the date of filing Debtor's petition.

### B. DIVISION OF CLAIMS INTO CLASSES

Debtor's plan of Reorganization divides the claims against the Debtor into two (2) main classes with Class I being divided into additional sub-classes for each secured creditor. A brief description of each class is as follows:

1A. Class 1C) This class is comprised of the claim of Wells Fargo Bank, the successor in interest to Wachovia Mortgage, who has recorded a first deed of trust against the real property located at 1221 Westminster Avenue, East Palo Alto, California. The total claim is for $413,000 while the secured portion of this claim is valued at $200,000. This claim is impaired.

1B. Class 1D) This class is comprised of the claim of Wells Fargo Bank, the successor in interest to Wachovia Mortgage, who has recorded a first deed of trust against the real property located at 2531 Illinois Street, East Palo Alto, California. The total claim is for $395,000 while the secured portion of this claim is valued at $180,000. This claim is impaired.

1C. Class 1E) This class is comprised of the claim of Wells Fargo Bank, the successor in interest to Wachovia Mortgage, who has recorded a first deed of trust against the real property located at 3422 Anne Street, Stockton, California. The total claim is for $171,000 while the secured portion of this claim is valued at $75,000. This claim is impaired.

1D. Class 1F) This class is comprised of the claim of FDIC, the successor in interest to Omni National Bank, who has recorded a first deed of trust against the real property located at 794 Martin Street, Atlanta, Georgia. The total claim is for $110,000 while the secured portion of this claim is valued at $10,000. This claim is impaired.

1E. Class 1G) This class is comprised of the claim of Patelco Credit Union who has recorded a lien against the vehicle of the debtor, a 2004 Acura TL. The total claim is for $37,000 while the secured portion of this claim is valued at $8,000. This claim is impaired.

Class 2: Claims eligible for inclusion in Class 2 would include, but is not limited to, (a) trade creditors of Debtors,

(b) unsecured claims under any leases or executory contracts that Debtors rejects (including any commercial leases that have been or will be rejected), or (c) the "deficiency" claims of any other creditors in Classes 1A - 1Q (ie. the claims of such creditors to the extent that the claim exceeds the value of the collateral). Further, the portion of any secured claim which exceeds the value of the alleged security will be treated as an unsecured claim. This class of creditor will not receive payment on its full claim. This class is impaired.

Class 2a: This class is comprised of general unsecured claims that have a gross amount of $3,000 amount or less or, if the claim exceeds $3,000, the unsecured creditor will reduce the claim to $3,000 or less. Payment of the claims in this class will be paid as a matter administrative convenience. This class is impaired.

Class 2b. All general unsecured claims and deficiency claims not otherwise classified above are included in this class. This class is impaired.

## C. TREATMENT OF CLASSIFIED CLAIMS

| Creditor | Claim amount and description of claim | Treatment of claim |
|---|---|---|
| Class 1C: Wells Fargo Bank, the successor in interest to Wachovia Mortgage | Wells Fargo holds a first deed of trust on the real property located at 1221 Westminister Avenue, East Palo Alto, California in the amount of $413,000 of which only $200,000 is deemed secured. The court has valued this property at $200,000 as of the petition date. | Debtor will re-amortize the balance due of $200,000 over 360 months at 5% interest per annum. The new monthly payment shall be $1073.64. Wells Fargo will retain its first deed of trust until the secured debt is paid in full. The interest rate of 5% shall remain over the life of the loan. Except as otherwise modified by this plan, the terms of the note and deed of trust will remain the same. This claim is impaired. |

| Class 1D: Wells Fargo Bank, the successor in interest to Wachovia Mortgage | Wells Fargo holds a first deed of trust on the real property located at 2531 Illinois Street, East Palo Alto, California in the amount of $395,000 of which only $180,000 is deemed secured. The court has valued this property at $180,000 as of the petition date. | Debtor will re-amortize the balance due of $180,000 over 360 months at 5% interest per annum. The new monthly payment shall be $966.28. Wells Fargo will retain its first deed of trust until the secured debt is paid in full. The interest rate of 5% shall remain over the life of the loan. Except as otherwise modified by this plan, the terms of the note and deed of trust will remain the same. This claim is impaired. |
|---|---|---|
| Class 1E: Wells Fargo Bank, the successor in interest to Wachovia Mortgage | Wells Fargo holds a first deed of trust on the real property located at 3422 Anne Street, Stockton California in the amount of $171,000 of which only $75,000 is deemed secured. The court has valued this property at $171,000 as of the petition date. | Debtor will re-amortize the balance due of $75,000 over 360 months at 5% interest per annum. The new monthly payment shall be $402.62 Wells Fargo will retain its first deed of trust until the secured debt is paid in full. The interest rate of 5% shall remain over the life of the loan. Except as otherwise modified by this plan, the terms of the note and deed of trust will remain the same. This claim is impaired. |
| Class 1F: FDIC, the successor in interest to Omni National Bank | FDIC holds a first deed of trust on the real property located at 794 Martin Street, Atlanta, Georgia in the amount of $110,000 of which only $10,000 is deemed secured. This property is also co-owned by another party. However, the debtor has joint liability for the entire loan. | Debtor will re-amortize the balance due on the loan of $10,000 over 120 months at 5% interest per annum. The new monthly payment shall be $106.07 FDIC will retain its first deed of trust until the secured debt is paid in full. The interest rate of 5% shall remain over the life of the loan. Except as otherwise modified by this plan, the terms of the note and deed of trust will remain the same. This claim is impaired. |

| | | |
|---|---|---|
| Class 1G: Patelco Credit Union | Patelco holds a first lien on the vehicle of the debtor, a 2004 Acura TL in the amount of $37,000 of which only $8,000 is deemed secured. This value has been agreed to by Patelco and the debtor. | Debtor will re-amortize the balance due of $8,000 over 35 months at 5% interest per annum. The new monthly payment shall be $250. Patelco will retain its lien until the secured debt is paid in full. The interest rate of 5% shall remain over the life of the loan. Except as otherwise modified by this plan, the terms of the note and lien will remain the same. The payment is due on the fifth of each month. If payment is not made or if the vehicle is not insured, Patelco will issue a ten day letter advising of the default and, thereafter, if there is no cure, Patelco may re-file its motion for relief from stay on shortened time without paying another filing fee. This claim is impaired. |
| Class 2a: Administrative convenience class for small unsecured claims | All general unsecured claims in the gross amount of $3,000 or less including those claims exceeding $3,000 which are voluntary reduced to $3,000 by the unsecured creditor. | All creditors in this class shall receive 5% of their gross allowed claim in one lump sum on the effective date of the plan. Debtors reserve the right to object to any particular claim as to amount or validity. No interest will accrue on these claims. Any remaining balance will be discharged. The debtor will pay the amount stated in a proof of claim filed by the creditor unless the debtor object to the proof of claim in which case the debtors will pay the amount allowed by the court. These claims are impaired. |

| Class 2: All allowed unsecured claims | $238,079, was the stated unsecured claims listed in debtor's Schedule F of his bankruptcy petition. Another $764,461 is attributed to the unsecured portion of secured claims. The total unsecured debts is $1,002,540. | All creditors in this class shall receive 5% of their allowed claims (gross amount of approximately $50,127) or approximately $417.72 over 120 months. Payment will commence 20 days after the effective date of the plan. The payments will continue until all allowed claims have been paid unless a particular claim has been dismissed, waived or denied by court order. The plan will take approximately 10 years to complete. Debtor reserves the right to object to any particular claim as to amount or validity. No interest will accrue on these claims. Any remaining balance will be discharged. The debtor will pay the amount stated in a proof of claim that has been filed by a creditor unless the debtor objects to proof of claim in which the debtor will the amount as allowed by the court. These claims are impaired. |
|---|---|---|

### D.  TREATMENT OF UNCLASSIFIED CLAIMS

**Administrative Claims**

1. Administrative Claims that are undisputed and not otherwise barred will be paid in full upon the Effective Date (as required by 11 U.S.C. § 1129(a)(9)(A)) except to the extent that a claim holder agrees to some other treatment.

2. Debtor's attorney's fees will be paid from the retainer paid by the debtor, his cash reserves and income upon court approval.

**Priority Claims:**

There are no priority claims against the debtor. However, should a proof of claim by filed by a claimant, the debtor will pay that amount in full 20 days after the effective date of the plan but in no event will the balance of these claims be paid later than 60 months after the petition date. Post confirmation interest of 5% per annum will accrue on the unpaid balance of the claims.

### E.  COMMENCEMENT OF PAYMENTS UNDER THE PLAN

The payments under the plan will commence 20 days after the effective date of the plan unless otherwise provided.

**F.   CONTEMPLATED PAYMENTS FOR SERVICES, COSTS AND EXPENSES**

No court appointed professionals, including debtor's counsel, shall be paid until their fees are approved by the court. The only contemplated fees are the debtor's attorney's fees.

**G.   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts not heretofore assumed or rejected are hereby rejected. Rejection claims not already barred by bar dates must be filed within 30 days after confirmation.

**H.   APPOINTMENT OF DISBURSING AGENT**

The debtor will act as his own disbursing agent for this plan.

**I.   MISCELLANEOUS**

1. <u>Duration of Plan.</u>  The debtor's plan will take approximately 360 months from the effective date of the plan to be completed unless, for cause, a longer period is necessary. However, payments to the unsecured creditors will take only 120 months to complete.

2. <u>Prepayment;</u>  Debtor shall have the privilege of prepayment in any amount at any time as to any class of creditors (but not disproportionately as to any creditor within any class).

3. <u>Payment of trustee fee and filing of quarterly reports.</u>

The debtor will continue to pay the U. S. Trustee the quarterly fees and file his post-confirmation reports until entry of the final decree, dismissal, closure or conversion of its case.

**J.   DISCHARGE**

As debtor is an individual, unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan will not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;

Alternatively, at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor even if he has not completed all payments under the plan if—

(i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date; and

(ii) modification of the plan under section 1127 is not

practicable.

Prior to the application for a final discharge, the debtor will request entry of a final decree as soon as is feasible which may occur after the initial payments to the creditors have been made.

(b) <u>Vesting of Property</u>. On the Effective Date, all property of the estate will vest in the reorganized Debtors pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to chapter 7, provided that the vesting of said property will be without prejudice and will not act as a bar to a post-confirmation motion to convert this case to one under chapter 7 by any party-in-interest on any appropriate grounds. The granting of such motion will revest all of the Debtor's property not already administered into the chapter 7 estate.

(c) <u>Plan Creates New Obligations</u>. The obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**K. REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Automatic Stay Vacated</u>. The automatic stay of section 362(a) of the Bankruptcy Code terminates as of the Effective Date of the Plan.

(b) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, notwithstanding paragraph (a) above, a creditor may not take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtors are not in Material Default under the Plan, as defined in paragraph (c) below.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 10 calendar days after the time specified in the Plan for such payment or other performance, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 20 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the court an extension of time to cure the default, or a determination that no default occurred, then Debtor is in Material Default under the Plan.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, an affected creditor may:

1          (i)     Take any actions permitted under applicable non-Bankruptcy law to enforce the obligation due the affected creditor under the Plan, and may accelerate the time for performance of all payments and other performance due to the creditor over the course of the Plan and not yet performed at the time of the Material Default; or

          (ii)    File and serve a motion to convert the case to one under chapter 7.

(e)     **Effect of Conversion to Chapter 7**.  If the case is at any time converted to one under chapter 7:

     (i)    All property of the Debtor as of the date of conversion, whether acquired pre-confirmation or post-confirmation, shall vest in the chapter 7 bankruptcy estate; and

          (ii)    All creditors, whether their claims arose pre-confirmation or post-confirmation, are prohibited from taking action against the chapter 7 bankruptcy estate or property of the estate by section 362 of the Bankruptcy Code.

**K.     RETENTION OF JURISDICTION**

     The Bankruptcy Court shall retain jurisdiction after confirmation of the Plan:  (a) to consider (and reconsider if appropriate) claims and objections thereto;  (b) to fix and determine expenses of administration and compensation which were incurred prior to confirmation of this plan but not those incurred after confirmation;  © to hear and determine any dispute arising under or relating to the Plan or arising under or relating to this Chapter 11 reorganization case;  (d) to enforce all discharge provisions of the Plan; and (g) to make such orders and directions pursuant to 11 U.S.C. §§ 1127 and 1142 as may be necessary or appropriate.

     Please read the Debtor's Disclosure Statement for additional information regarding this plan.

Dated: September 17, 2010                /s/ Lewis Phon

                                         _____
                                         Lewis Phon, Attorney for
                                         Debtor, Tyrious Gates

Dated: September 17, 2010
                                         /s/ Tyrious Gates
                                         _____
                                         Debtor, Tyrious Gates

K:\data55\tyrious gates\first amended plan of reorganization

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

## CERTIFICATE OF SERVICE

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.

Lewis Phon

4040 Heaton Court
Antioch, CA 94509

Tyrious Gates
PO Box 51501
Palo Alto, CA 94303

DATED: 2/25/11

By: _____ JGIS
Deputy Clerk